15225/TPK/kas  Attorney ID #6275284
10-24-11

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DARYL KIRKLAND and JUDY KIRKLAND, | ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Case No. 11-cv-07285 <br> ) |
| STEVEN SIGALOVE, M.D. and DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT AT LAW

Now comes the Plaintiffs, DARYL KIRKLAND and JUDY KIRKLAND, by their attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, STEVEN SIGALOVE, M.D. and DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation., alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiffs, DARYL KIRKLAND and JUDY KIRKLAND, are residents of British Columbia, Canada and Citizens of Canada.

2. Defendant, STEVEN SIGALOVE, M.D. is a citizen of Illinois.

3. Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation is incorporated in Illinois with its headquarters and principal place of business in Illinois.

PLAINTIFF'S EXHIBIT A

4. That this court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 as there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Section 1391 as Defendants reside and a substantial part of the events occurred within this district.

## COUNT I

1. That on October 30, 2009, the Defendant, Steven Sigalove, M.D. was a duly licensed and practicing Plastic Surgeon in the State of Illinois holding himself out as being trained and skilled in the medical profession; and said Defendant was engaged in the practice of that profession in the Village of Lombard, County of DuPage, and State of Illinois, and further held himself out as the agent or apparent agent of DuPage Medical Group, Individually and d/b/a The Institute for Aesthetic Surgery.

2. That on the aforementioned date, the Defendant, Steven Sigalove, M.D., was retained and employed as the Plaintiff's Plastic Surgeon for the purpose of treatment in conjunction with suction–assisted lipectomy of the abdomen, flanks, and lower back for which he was then and there seeking, which required medical and/or surgical treatment and the said Defendant accepted such employment and thereafter rendered medical treatment to the Plaintiff for a pecuniary consideration.

3. That at the time of, and during the course of the aforementioned treatment, the Defendant, Steven Sigalove, M.D., did not possess and/or exercise that degree of skill and care that ordinarily well-qualified Plastic Surgeons possess and exercise under similar circumstances in the aforementioned locality or similar localities in which the aforementioned treatment was rendered in that Defendant:

2

    (a)    Failed to protect and/or guard against Plaintiff's colon being perforated.

    (b)    Failed to recognize the harm caused by Plaintiff's colon being perforated.

    (c)    Failed to properly respond to the harm created by the surgical misadventure.

    (d)    Failed to properly advise and/or warn the Plaintiff of the risks associated with the procedure or the type or degree of surgical misadventure.

    (e)    Failed to appropriately follow up with the patient after the procedure.

    (f)    Failed to diagnose the colon perforation present on October 30, 2009, which would have permitted intervention to prevent injury.

4.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, the Plaintiff suffered a perforated colon due to the failure to protect and/or guard against this occurrence.

5.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain and anguish from said injuries.

6.    That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (See Exhibit "A") and an Affidavit from a Health Care Professional (See Exhibit "B").

WHEREFORE, the Plaintiff, DARYL KIRKLAND, demands judgment against the Defendant, STEVEN SIGALOVE, M.D., in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II

1. That on and prior to October 30, 2009, the Plaintiff was the lawfully wedded wife of DARYL KIRKLAND.

2-4. Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Three (3) of Count I as Paragraphs Two (2) through Four (4) of Count II, as if fully set forth herein.

5. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, STEVEN SIGALOVE, M.D., the Plaintiff's husband then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

6. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, STEVEN SIGALOVE, M.D., the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

7. That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (See Exhibit "A") and an Affidavit from a Health Care Professional (See Exhibit "B").

WHEREFORE, the Plaintiff, JUDY KIRKLAND, demands judgment against the Defendant, STEVEN SIGALOVE, M.D., in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT III

1. That on October 30, 2009, and prior thereto, the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, was a duly constituted professional medical corporation, in the State of Illinois, which, by and through its agents, servants and employees, treated persons suffering from various ailments and provided medical services for the needs of patients under the care and treatment of said medical corporation.

2. That on and prior to the aforementioned date, the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, through its agents, servants and employees, accepted the Plaintiff as a patient and agreed to render competent and adequate medical services in conjunction with a surgical procedure and said Defendant, through its agents, servants and employees, undertook to render care, diagnosis, treatment and services for pecuniary consideration.

3. That at all times mentioned herein, the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, through its agents, servants and employees, was guilty of one or more of the following careless and negligent acts and/or omissions:

   (a) Failed to protect and/or guard against Plaintiff's colon being perforated.

   (b) Failed to recognize the harm caused by Plaintiff's colon being perforated.

   (c) Failed to properly respond to the harm created by the surgical misadventure.

   (d) Failed to properly advise and/or warn the Plaintiff of the risks associated with the procedure or the type or degree of surgical misadventure.

   (e) Failed to appropriately follow up with the patient after the procedure.

      (f)      Failed to diagnose the colon perforation present on October 30, 2009, which would have permitted intervention to prevent injury.

4. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, by and through its agents, servants and employees, the Plaintiff suffered a perforated colon due to the failure to protect and/or guard against this occurrence.

5. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, by and through its agents, servants and employees, the Plaintiff then and there sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost and will lose, the value of that time as aforementioned. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will, in the future, incur additional sums of money endeavoring to be cured of said injuries.

6. That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (See Exhibit "A") and an Affidavit from a Health Care Professional (See Exhibit "B").

WHEREFORE, the Plaintiff, DARYL KIRKLAND, demands judgment against the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT IV

1  That on and prior to October 30, 2009, the Plaintiff was the lawfully wedded wife of DARYL KIRKLAND.

2-4.  Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Three (3) of Count III as Paragraphs Two (2) through Four (4) of Count IV, as if fully set forth herein.

5.  That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, the Plaintiff's husband then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

6.  That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

7.  That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (See Exhibit "A") and an Affidavit from a Health Care Professional (See Exhibit "B").

WHEREFORE, the Plaintiff, JUDY KIRKLAND, demands judgment against the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT V – INFORMED CONSENT

7

Now comes the Plaintiffs, DARYL KIRKLAND and JUDY KIRKLAND, by their attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, STEVEN SIGALOVE, M.D. and DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, allege as follows:

1. Plaintiff repeats and realleges, and incorporates by reference as if fully set forth herein, Paragraphs One (1) and Two (2) of Count I as paragraphs One (1) and Two (2) of Count V.

3. That at the time of, and during the course of the aforementioned treatment, the Defendant, STEVEN SIGALOVE, M.D., while acting as agent, servant, representative and/or employee of DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, did not possess and/or exercise that degree of knowledge, skill and care used by reasonably careful plastic surgeons or possessed and exercised by ordinary well-qualified plastic surgeons under similar circumstances in the aforementioned locality or similar localities in which the aforementioned treatment was rendered in that the Defendant, STEVEN SIGALOVE, M.D., acting as agent, servant, representative, and/or employee of DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, violated the standard of care when he:

(a) Failed to properly advise and counsel the Plaintiff so he could make a proper and informed choice as to whether or not he should undergo the lipectomy procedure;

(b) Improperly informed the Plaintiff of any risk to the colon from the lipectomy procedure thereby depriving the Plaintiff of the opportunity to make a proper and informed choice as to whether or not he should undergo the lipectomy procedure; and/or;

8

(c) Improperly informed the Plaintiff prior to the lipectomy procedure that there was no risk of injury to Plaintiff's colon from the procedure, despite Defendant's belief and/or understanding that such injury to the colon was a potential risk of the lipectomy surgery thereby depriving the Plaintiff of the opportunity to make a proper and informed choice as to whether or not he should undergo the lipectomy procedure.

6. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, STEVEN SIGALOVE, M.D., as agent, servant, representative, or employee of the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, then and there sustained severe and permanent injuries to his colon, resulting in conscious pain and suffering, and was hindered and prevented from attending to his usual duties and affairs and lost the value of that time as aforementioned. The Plaintiffs further expended large sums of money endeavoring to be cured of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. The Plaintiffs suffered and will, in the future, suffer great pain and anguish from said injuries.

WHEREFORE, the Plaintiffs, DARYL KIRKLAND and JUDY KIRKLAND, demand judgment against the Defendant, STEVEN SIGALOVE, M.D. and DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### COUNT VI

1 That on and prior to October 30, 2009, the Plaintiff was the lawfully wedded wife of DARYL KIRKLAND.

2-6. Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Five (5) of Count V as Paragraphs Two (2) through Six (6) of Count VI, as if fully set forth herein.

7. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, the Plaintiff's husband then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

8. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, DUPAGE MEDICAL GROUP, LTD., Individually and d/b/a THE INSTITUTE FOR AESTHETIC SURGERY, a Corporation, the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

/s/ Steven A. Berman
Attorneys for Plaintiff(s)

Steven A. Berman
Brian D. Teven
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL 60601
312/372-3822