## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DARYL KIRKLAND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 11 C 7285 |
| v. ) | |
| ) | Jeffrey T. Gilbert |
| STEVEN SIGALOVE, et al., ) | Magistrate Judge |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Daryl and Judy Kirkland (collectively "Plaintiffs") bring this personal injury action against Defendants Steven Sigalove, MD and DuPage Medical Group, Ltd., d/b/a The Institute for Aesthetic Surgery (collectively "Defendants"), alleging, *inter alia*, that Defendants committed medical malpractice in the course of performing suction-assisted lipectomy of Daryl's abdomen, flanks, and lower back, resulting in injury to Daryl's colon. [ECF No. 9]. Trial is set for February 17, 2015 through February 27, 2015. [ECF No. 73]. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]

Currently before the Court is Defendants' Motion *in Limine* #4, which seeks to bar testimony concerning the amount of Daryl's medical bills in excess of the amount paid by an insurance company and/or Plaintiffs. Defendants' Motion [ECF No. 77]. For the reasons set forth below, Defendants' Motion [ECF No. 77] is granted.

## LEGAL STANDARD

Trial courts have broad discretion in ruling on evidentiary issues before and during trial. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Accordingly, "[a]lthough

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1 for all proceedings, including entry of final judgment [ECF No. 20]

the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Motions *in limine* are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999). In addition, "the prudent use of the *in limine* motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

The Court will grant a motion *in limine* only where the evidence is clearly inadmissible for any purpose. *See id.* (a motion *in limine* "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable [sic] for any purpose"). Rulings on motions *in limine* are "subject to change when the case unfolds[.]" *Luce*, 469 U.S. at 41; *see also Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006). Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41-42. Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently prior to trial. *Jonasson*, 115 F.3d at 440. "In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury." *Id.*

## ANALYSIS

Defendants' Motion *in Limine* #4 seeks to bar "Plaintiffs, their counsel and all witnesses called from referring to, testifying about, offering or introducing into evidence in the presence of the jury or during *voir dire* examination, any claim for the amount of medical bills in excess of

2

that paid by an insurance company and/or Plaintiff." Defendants' Motion [ECF No. 77] at 1. Defendants argue that, in order to introduce such evidence, Plaintiffs are first required to prove that the amounts in excess of what Plaintiffs and/or Plaintiffs' insurance company paid to Daryl's medical providers were reasonable. *Id.* For the reasons discussed below, Defendants' motion is granted.

*Arthur v. Catour*, 833 N.E.2d 847, 853, 216 Ill.2d 72, 81 (2005), is controlling. In *Arthur*, the Illinois Supreme Court explained that in order to recover for medical expenses, a plaintiff must prove that he has paid or will become liable to pay a medical bill, that he necessarily incurred the medical expenses because of injuries resulting from the defendant's negligence, and that the charges were reasonable for services of that nature. *Id.* at 853. If a medical bill has already been paid, the bill is *prima facie* reasonable, and therefore no additional evidence establishing reasonableness is necessary for it to be admissible. *Id.* at 853. ("When evidence is admitted, through testimony or otherwise, that a medical bill was for treatment rendered and that the bill has been paid, the bill is *prima facie* reasonable."). "The *prima facie* reasonableness of a paid bill can be traced to the enduring principle that the free and voluntary payment of a charge for a service by a consumer is presumptive evidence of the reasonable or fair market value of that service." *Id.* at 854 (internal citation omitted).

If a bill has not been paid, however, the plaintiff must provide additional evidence to establish that the unpaid amount is reasonable, such as the testimony of a witness having knowledge of the services rendered and knowledge of the usual and customary charges for such services. *Id.* at 853-54. The plaintiff satisfies the minimum requirements for admissibility once that witness testifies that the plaintiff's bill was reasonable and necessary. Of course, merely satisfying the minimum requirements for admissibility of a bill does not conclusively establish

3

that the plaintiff is entitled to that amount. Rather, it simply allows the jury to consider whether to award all, part, or none of that amount as damages. *Id.* at 854.

Here, Plaintiffs admit that the only evidence they have provided regarding the reasonableness of Daryl's medical bills is Daryl's testimony that his medical expenses have already been paid in full by his insurer. Plaintiff's Response [ECF No. 85] at 3. But health insurance providers routinely contract with health service providers to settle medical bills for less than their full amount. That is what occurred here. Even though Daryl testified that his medical expenses have been paid in full by his insurer, his insurer satisfied the bills for less than what the service providers initially deemed to be the value of the services rendered. *See id.* Thus, the real issue before the Court is whether Plaintiffs may introduce into evidence any medical expenses that exceed what Daryl's insurer already has paid to Daryl's medical providers.

*Arthur* dealt with precisely the same issue. In *Arthur*, the plaintiff received medical services from various healthcare providers valued at $19,355.25, which her insurers satisfied in full for $13,577.97. *Arthur*, 833 N.E.2d at 849. The plaintiff sought to introduce to the jury the full $19,355.25 initially charged. *Id.* The Illinois Supreme Court held that $13,577.97 plaintiff's insurers actually paid was *prima facie* reasonable, and therefore admissible, but that the plaintiff was required to provide additional evidence to establish the reasonableness of any additional amount "because she cannot truthfully testify that the total billed amount had been paid." *Id.* at 854.

Under *Arthur*, then, Plaintiffs have established that the amount Daryl's insurer actually paid to his medical providers is *prima facie* reasonable, and Plaintiffs may present that amount to the jury. As Plaintiffs have pointed to no evidence establishing the reasonableness of any amounts in excess of what the insurer paid, they have not met the minimum requirements for

4

admissibility for those amounts, and they are barred from introducing those amounts at trial unless they can establish the reasonableness of that amount.

Plaintiffs argue that the collateral source rule protects the difference between the total amount billed and the amount actually paid and that, as such, they are entitled to present to the jury the amount that Daryl's healthcare providers initially billed for services rendered even though the providers accepted a reduced amount as payment in full. Plaintiff's Response [ECF No. 85] at 3. In *Arthur*, the Illinois Supreme Court explained that "[u]nder the collateral source rule, benefits received by the injured party from a source wholly independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor." *Id.* at 851 (quoting *Wilson v. The Hoffman Group, Inc.*, 546 N.E.2d 524, 131 Ill.2d 308, 320 (1989). Thus, *Arthur* explained, a plaintiff is entitled to recover as compensatory damages the *reasonable* expense of necessary medical care resulting from a defendant's negligence, even if the plaintiff's insurance has already paid a lesser amount for such services. *Id.* at 852-53 (emphasis added).

But *Arthur* presented "a question of proof rather than of entitlement, *i.e.*, a question involving an evidentiary component of the collateral source rule and not a substantive rule of damages." *Id.* at 853; see also *Wills v. Foster*, 892 N.E.2d 1018, 1031, 229 Ill.2d 393, 414 (2008) ("*Arthur* stands for the proposition that the plaintiff may place the entire billed amount into evidence, *provided that the plaintiff establishes the proper foundational requirements to show the bill's reasonableness.*") (emphasis added). Thus, while a plaintiff is of course entitled to recover the full value of the services provided to him, he still must demonstrate that the full value is reasonable. *Id.* The collateral source rule does not negate the minimum admissibility requirements. As noted above, Plaintiffs have not met the minimum admissibility requirements

5

for any medical expenses in excess of what the insurer paid. Plaintiffs are thus barred from introducing any such expenses at trial unless they can establish the reasonableness of that amount.

## CONCLUSION

For the reasons set forth above, Defendants' Motion *in Limine* #4 [ECF No. 77] is granted.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 8, 2015