IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARYL KIRKLAND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 11 C 7285 |
| v. | ) |
| | ) Jeffrey T. Gilbert |
| STEVEN SIGALOVE, et al., | ) Magistrate Judge |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION ORDER

Defendants Steven Sigalove, M.D. and DuPage Medical Group, Ltd. have filed two more motions *in limine* (Defs.' Mots. Lim. #5-6, ECF Nos. 92-93)[1] on top of the four motions *in limine* they previously filed on December 1, 2014 (Defs.' Mots. Lim. #1-4, ECF Nos. 74-77). The two new motions *in limine* were filed after the deadline set for doing so (*see* ECF No. 73) and apparently in reaction to the Court's ruling on Plaintiffs' Motion *in Limine* #1 (Mem. Op. Order, ECF No. 90), which Defendants quote liberally in their new motions. Plaintiffs included a "Motion to Bar" in their Response to Defendants' Motion *in Limine* #6. Pls.' Resp. Br., ECF No. 100.

Having reviewed the parties' briefs and other supporting materials, the Court denies Defendants' Motions *in Limine* #5 and #6 (ECF Nos. 92-93), on the merits and not because they are untimely. Plaintiffs' "Motion to Bar" (ECF No. 100) is stricken because it was not filed in accordance with Local Rule 5.3(b), which requires motions to be filed separately and noticed for

---

[1] Defendants categorize their Motion for Leave to Supplement Dr. Gutowski's Rule 26(a)(2) disclosure (ECF No. 93) as a motion "*in limine*." Motions *in limine* generally request that certain evidence be barred or limited at trial. Here, Defendants are asking for leave to expand their expert report so that they can expand the scope of the expert's trial testimony. Nevertheless, the Court refers to Defendants' motion to supplement (ECF No. 93) as "Defendants' Motion *in Limine* #6" throughout this order to conform to Defendants' categorization of the motion.

1

presentment, not incorporated into responsive legal memoranda. If Plaintiffs' "Motion to Bar" (ECF No. 100) had been filed properly, it would be denied as moot in light of the Court's ruling on Defendants' Motion *in Limine* #6 (ECF No. 93).

### A. Defendants' Motion *in Limine* #5

Defendants' Motion *in Limine* #5 (ECF No. 92) asks the Court to enter an order barring Dr. John Lease, Plaintiffs' expert, from offering any testimony via direct or cross examination relating to the doctrine of *res ipsa loquitur* or any allegations of failure to obtain informed consent. In support of their motion, Defendants argue that these lines of testimony "tremendously" exceed the scope of Dr. Lease's Rule 26(a)(2) disclosure and should therefore be barred pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. Defs.' Mot. Lim. #5 5, ECF No. 92. Defendants' motion is denied.

#### 1. *Res Ipsa Loquitur*

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires a party to disclose to other parties the identity of an expert witness and a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(A), 26(a)(2)(B); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("Rule 26(a) expert reports must be detailed and complete.") (quotations omitted). Defendants argue that, pursuant to Rule 37(c)(1), Dr. Lease must be barred from offering testimony relating to the issues of informed consent and *res ipsa loquitur* because Dr. Lease did not address these issues in his Rule 26(a)(2) disclosure. *See Salgado*, 150 F.3d at 741 n.6 ("The incentive for total disclosure is the threat that expert testimony not disclosed in accordance with [Rule 26(a)] can be excluded pursuant to Rule 37(c)(1).") (quotations omitted).

2

The Court has reviewed Dr. Lease's written report and disagrees with Defendants' characterization of the contents of the report.

"The doctrine of res ipsa loquitur allows for 'proof of negligence by circumstantial evidence when the direct evidence concerning cause of injury is primarily within the knowledge and control of the defendant.'" *Aguirre v. Turner Const. Co.*, 501 F.3d 825, 831 (7th Cir. 2007) (quoting *Kolakowski v. Voris*, 415 N.E.2d 397, 400, 83 Ill.2d. 388, 394 (1980)). To prevail under a *res ipsa loquitur* theory, a plaintiff must demonstrate that he was injured (1) in an occurrence that would not have happened in the absence of negligence, and (2) by an instrumentality under the management or control of the defendant. *Id.* (citing *Dyback v. Weber*, 500 N.E.2d 8, 11, 114 Ill.2d 232, 238 (1986)).

Dr. Lease states in his expert report that Dr. Sigalove "misdirected the course of the [ultrasound] probe" and that "the misdirection of a suction-assisted lipectomy canula [sic] such that it violates the intra-abdominal cavity . . . represents a technical error and falls outside the realm of possible expectations. This should not happen in any circumstance and represents a deviation from the accepted standard of care." Dr. Lease's Report 3, ECF No. 92-1. Though Dr. Lease's report does not explicitly use the term "*res ipsa loquitur*," it makes clear that Dr. Lease believes Dr. Sigalove had control over the cannula at the time of Plaintiff Daryl Kirkland's ("Daryl's") colon injury and that Daryl's colon injury would not have happened but for negligence. It thus sufficiently comments on the elements of *res ipsa loquitur* and is not deficient in that regard.

In further support of their motion, Defendants point to portions of Dr. Lease's deposition testimony and argue that trial testimony along those same lines should be excluded because it is "so far afield" from Dr. Lease's expert report. Defs.' Mot. Lim. #5 5, ECF No. 92. Defendants

3

reference, for example, Dr. Lease's deposition testimony that the plastic surgeon "has complete control" over the cannula, that it is "absolutely negligence" for a cannula to enter the abdomen and that it "just should never happen," and that a cannula entering the abdomen is a "pure technical error." *Id.* at 2-3. Dr. Lease's deposition testimony is almost a verbatim recitation of his expert report. Defendants' argument that exclusion of this opinion is warranted under Rule 37(c)(1) because it is "so far afield" from Dr. Lease's Rule 26(a)(2) disclosure is without merit. Accordingly, as Dr. Lease sufficiently addressed the elements of *res ipsa loquitur* in his Rule 26(a)(2) disclosure, Defendants' motion is denied.

## 2. Informed Consent

Defendants next argue that, pursuant to Rule 37(c)(1), Dr. Lease must be barred from offering testimony relating to informed consent because his Rule 26(a)(2) disclosure was deficient. Dr. Lease comments twice on informed consent in his expert report. He first observes that "[t]he common risks [of the lipectomy procedure] are listed [on Dr. Sigalove's office note] and are noted to have been discussed with the patient." Dr. Lease's Report 1, ECF No. 92-1. He later remarks, "All surgical procedures carry risks, and the common ones are documented to have been discussed with the patient." *Id.* at 3. Following that statement, Dr. Lease lists some complications that may be expected to result from the liposuction procedure and then explains that the injury Daryl suffered is not an expected complication. *Id.* Again, while Dr. Lease does not explicitly use the words "informed consent" in his expert report, these comments make clear that informed consent is an element of his expert opinion.

Defendants contend that certain of Dr. Lease's deposition testimony regarding informed consent is "so far afield from his Rule 26(a)(2) disclosure" that trial testimony along those same lines must be barred. Defs.' Mot. Lim. #5 5, ECF No. 92. At his deposition, Dr. Lease stated

4

that surgeons are required to obtain informed consent for all surgical risks, no matter how rare the risk may be; that Dr. Sigalove told Daryl a thermal colon injury was not a surgical risk; and that Dr. Sigalove could not have obtained informed consent from Daryl because he told Daryl that a thermal injury to the colon was not a risk. *Id.* at 3-4. Dr. Lease's deposition testimony expounds on issues he previously discussed in his expert report. Here, too, Defendants' argument that Rule 37(c)(1) warrants exclusion is without merit.

To the extent that Defendants' Motion *in Limine* #5 is based on the Court's January 16, 2015 Memorandum Opinion and Order (ECF No. 90) holding that Dr. Karol Gutowski, one of Defendants' disclosed experts, cannot offer testimony that is "so far afield from his Rule 26(a)(2) disclosure," the issues here are much different. Dr. Gutowski did not talk at all in his expert report about what effects, if any, a prior laparoscopic Nissen fundoplication procedure may have had on a liposuction cannula entering the abdominal cavity. In fact, he admitted during his deposition that he originally dismissed that thought as a viable explanation and did not change his opinion until after Defendants already had disclosed his expert report to Plaintiffs. As Dr. Gutowski put it, "Initially . . . I didn't think there was anything about [Daryl's] past medical history that could have contributed to [the colon injury] . . . [I]n the back of my mind I thought I guess there's a possibility of a rare hernia . . . [b]ut based on the information provided, I didn't see any evidence of that." Dr. Gutowski's Dep. Tr. 111:15-18, 112:16-17, 20-22 , ECF No. 80-1. In other words, Dr. Gutowski did not say anything in his Rule 26(a)(2) report about Daryl's having had a laparoscopic Nissen fundoplication procedure, nor did he even think about it until after he had submitted his report.

Here, however, Dr. Lease's deposition testimony regarding the issue of *res ipsa loquitur* is almost word for word contained in his expert report, and his deposition testimony regarding

5

informed consent elaborates on what is in his written report. This is a far cry from Dr. Gutowski's out-of-the-blue adoption during his deposition of a causal theory that is nowhere mentioned in his Rule 26(a)(2) report. In fact, he admitted that theory came to him only after he had completed his expert report and after he read the expert report submitted by Defendants' other expert, Dr. Sean Barnett. Defendants' Motion *in Limine* #5 is denied.

### B. Defendants' Motion *in Limine* #6

In their Motion *in Limine* #6 (ECF No. 93), Defendants seek leave to supplement the Rule 26(a)(2) disclosure of Dr. Gutowski, one of their previously disclosed experts. Defendants apparently want Dr. Gutowski now to opine formally that an abdominal wall weakness caused by Daryl's 1998 laparoscopic Nissen fundoplication procedure played a role in the injury to Daryl's colon because one of the liposuction cannulas was able to pass through the abdominal defect and into the peritoneum.[2] This is an opinion that was to be offered by Defendants' other expert, Dr. Barnett, until the Court granted Plaintiffs' Motion *in Limine* #1. Mem. Op. Order, ECF No. 90. Defendants argue that (a) they were not required to supplement Dr. Gutowski's Rule 26(a)(2) disclosure because the substance of this new opinion became known to Plaintiffs during the discovery process; and (b) even if they were so required, their failure to supplement Dr. Gutowski's Rule 26(a)(2) disclosure was substantially justified and harmless.

In response to Defendants' Motion *in Limine* #6, Plaintiffs seek to bar Dr. Gutowski's testimony relating to abdominal defects resulting from the 1998 laparoscopic Nissen fundoplication procedure. Pls.' Resp. Br., ECF No. 100. Plaintiffs argue that Dr. Gutowski

---

[2] Defendants do not clearly articulate exactly what Dr. Gutowski would say if permitted to supplement his Rule 26(a)(2) report. Defendants broadly state that Dr. Gutowski "offered opinions, under oath, that the abdominal wall weakness played a role in the injury to Daryl's colon because one of the liposuction cannulas was able to pass through an abdominal defect and into the peritoneum." Defs.' Mot. Lim. #6 2, ECF No. 93. The Court thus assumes Defendants are seeking to have Dr. Gutowski testify along these lines at trial so that he would have to amend or supplement his expert report in this regard.

6

should be barred from offering any testimony regarding any possible role played by an abdominal wall weakness in the injury to Daryl's colon because any such opinion is not based on sufficient facts or data under Rule 702 of the Federal Rules of Evidence and because it lacks sufficient foundation. As noted above, Plaintiffs' "Motion to Bar" is really a response to Defendants' Motion *in Limine* #6 and it was included within Defendants' response memorandum rather than filed as a separate motion.

Defendants' Motion *in Limine* #6 appears to be a motion to supplement in name only, as the relief Defendants really seek is for the Court to reconsider its prior ruling that Dr. Gutowski may not offer the opinion at trial that an abdominal wall defect played a part in Daryl's colon injury. *See* Mem. Op. Order, ECF No. 90. Thus, the Court lays out a more thorough explanation of its January 16, 2015 Memorandum Opinion and Order barring this testimony in the course of deciding Defendants' instant Motion.

The Court must engage in a two-step inquiry in determining whether to allow Dr. Gutowski to supplement his previously disclosed opinion. First, the Court must determine whether Defendants complied with Rules 26(a) and (e) of the Federal Rules of Civil Procedure. If not, then the Court must determine whether exclusion is an appropriate sanction for noncompliance pursuant to Rule 37(c)(1). The Court has engaged in this two-step inquiry and Defendants' Motion *in Limine* #6 (ECF No. 93) is denied.

As noted above, Rule 26(a)(2) of the Federal Rules of Civil Procedure requires a party to disclose to other parties the identity of an expert witness and a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(A), 26(a)(2)(B); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("Rule 26(a) expert reports must be detailed and complete.")

7

(quotations omitted). The expert's report "must include 'how' and 'why' the expert reached a particular result, and not merely the expert's conclusory opinions." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (quoting *Salgado*, 150 F.3d at 741 n.6). Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) must supplement its disclosure if there is additional or corrective information that has not otherwise been made known to the other parties during the discovery process. Fed. R. Civ. P. 26(e)(1).

Rule 37(c)(1) "puts teeth" to Rule 26's disclosure requirements: if a party fails to provide sufficient information pursuant to Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at trial. Fed. R. Civ. P. 37(c)(1); *Salgado*, 150 F.3d at 741 n.6. The sanction of exclusion is automatic and mandatory unless the offending party can show that its Rule 26 violation was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Salgado*, 150 F.3d at 742; *see also* Fed. R. Civ. P. 37 advisory committee's note ("[Rule 37(c)(1)] provides a self-executing sanction for failure to make a disclosure required by Rule 26(a) . . . ."). The primary rationale for the sanction of exclusion under Rule 37(c)(1) is to avoid unfair ambush. *Rowe Int'l Corp. v. Ecast, Inc.*, 586 F.Supp.2d 924 (N.D. Ill. 2008).

**1. Defendants' Non-Compliance with Rules 26(a) and (e)**

It is undisputed that Dr. Gutowski's Rule 26(a)(2) disclosure dated May 1, 2014 (ECF No. 66-1) does not include the opinion that an abdominal wall defect resulting from a laparoscopic Nissen fundoplication procedure Daryl underwent ten years earlier played a part in Daryl's colon injury. It is also undisputed that Defendants did not timely supplement Dr. Gutowski's report to incorporate that opinion as is generally required under Rule 26(e). Defendants argue Rule 26(e) excuses their failure to supplement Dr. Gutowski's report. Rule 26(e) states that a party must supplement its Rule 26(a) disclosures "in a timely manner . . . if the

8

additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Defendants contend that their theory of the case, *i.e.*, that the laparoscopic procedure caused weaknesses in Daryl's abdomen which allowed the liposuction cannula to enter the peritoneum, had "otherwise been made known to the other parties during the discovery process" because Plaintiffs knew that Defendants' other expert, Dr. Barnett, was prepared to testify to that theory as disclosed in his Rule 26(a)(2) disclosure and in his deposition testimony. Defs.' Mot. Lim. #6 2-4, ECF No. 93 ("Defendants should be allowed to supplement Dr. Gutowski's Rule 26(a)(2) disclosure because his testimony . . . was made known to Plaintiffs' [sic] at the deposition of Dr. Barnett."). Defendants also argue that Dr. Gutowski's opinion "that the abdominal weakness played a role in the injury to Daryl's colon" was made known to Plaintiffs during Dr. Gutowski's deposition, which took place after Dr. Barnett's deposition, when Dr. Gutowski volunteered that he agreed with Dr. Barnett. Thus, Defendants contend, Plaintiffs cannot claim surprise at their theory, and allowing Dr. Gutowski to supplement his expert report with a formal opinion similar to Dr. Barnett's disclosed opinion therefore is harmless.

The Court disagrees. First, Defendants cite no case law in support of their contention that Dr. Gutowski was excused from supplementing his expert report because Dr. Barnett, an entirely different expert witness, offered an opinion with which Dr. Gutowski later agreed. Second, and more importantly, Rule 26(a)(2) gives an opposing party the right to know the opinion of a *particular* expert witness with respect to a *particular* issue. *Rowe*, 586 F.Supp.2d at 934 (citing *Salgado*, 150 F.3d at 742) (emphasis added). Defendants cannot simply and belatedly assign one expert's opinion to an entirely different witness (after the Court barred the first expert from testifying at trial) and thus bypass their Rule 26(a)(2) obligations. Indeed, Rule 26(a)(2) requires

9

the proponent of expert testimony to disclose not only the content of expert opinions, but also the identity of the witness who will offer those opinions. *See* Fed. R. Civ. P. 26(a)(2)(A), 26(a)(2)(B). The rule thus makes clear that experts' opinions are not interchangeable.

The flaws in Defendants' argument are plainly evident here. The "primary goal" of Rule 26(a)(2) is "to shorten or decrease the need for expert depositions." *Ciomber*, 527 F.3d at 642 (quoting *Salgado*, 150 F.3d at 741 n.6.). Thus, under Rule 26(a)(4), an expert may not be deposed until after his written report is disclosed to the opposing party. Fed. R. Civ. P. 24(a)(4)(A). A detailed written report with a complete statement of the expert's opinions ensures the opposing party is not ambushed, allowing that party to properly plan for an efficient deposition and for trial. Plaintiffs knew the content and basis of Dr. Barnett's opinions through his proper Rule 26(a)(2) disclosure. They were able to adequately prepare for his deposition and, ultimately, they were able to use his deposition testimony in their successful motion to bar Dr. Barnett's testimony. Mem. Op. Order, ECF No. 90.

Plaintiffs had no such opportunity with Dr. Gutowski. The first Plaintiffs knew that Dr. Gutkowski agreed with Dr. Barnett, much less that he had read Dr. Barnett's report (which was delivered before Dr. Gutowski delivered his report or was deposed), was at Dr. Gutowski's deposition. And all they learned at that time was that Dr. Gutowski thought Dr. Barnett's theory made sense. Plaintiffs did not know that Defendants would attempt to offer their abdominal defect theory through Dr. Gutowski. In fact, Defendants' counsel remarked during Dr. Gutowski's deposition that the abdominal defect theory was not in Dr. Gutowski's expert disclosure and he questioned why Plaintiffs' counsel asked Dr. Gutowski some questions about that theory after he mentioned he agreed with Dr. Barnett in that regard. Dr. Gutowski's Dep.

10

Tr. 119:1-18, ECF No. 80-1 ([Defendants' Counsel]: "We've talk[ed] about opinions that aren't disclosed.").

To the extent Defendants suggest Plaintiffs should have been on notice of Dr. Gutowski's new opinion based on his deposition testimony in which he volunteered that he agreed with Dr. Barnett's opinion during questioning by Plaintiff's counsel – questioning that Defendants' counsel characterized as inquiring about "opinions that aren't disclosed" – that suggestion falls flat. Defendants cannot cure a Rule 26(a)(2) deficiency by supplementing an expert report with later deposition testimony. *Ciomber*, 527 F.3d at 642. Doing so would completely undermine the purpose of the rule. *Id.* (noting that "the parties' need for expert deposition would increase if they could use deposition testimony to provide information they should have initially included in their Rule 26(a)(2) report").

In addition, Dr. Gutowski offered little to support his endorsement of Dr. Barnett's causal theory during his deposition other than it seemed to him to make sense. Dr. Gutowski says, for example, "Subsequently after seeing the outcome and after learning [from Dr. Barnett's report] that the prior Nissen fundoplication port sites may have contributed to a fascial defect, in retrospect I could see how that could have contributed to the outcome . . . ." Dr. Gutowski's Dep. Tr. 111:22-112:2, ECF No. 80-1. Dr. Gutowski goes on to say, "Dr. Barnett, who has more experience with that, brought up a good point, and then it started coming together that a fascial defect in that area could have contributed to it." *Id.* at 113:11-15. It is one thing for Dr. Gutowski to agree with Dr. Barnett. It is entirely different for him to now offer the opinion on his own. If Defendants wanted Dr. Gutowski to opine on this theory, they were required to let Plaintiffs know. It is Defendants' duty to disclose their experts and the opinions they will offer. It is not Plaintiffs' duty to guess who might say what or offer what opinions at trial.

11

Moreover, Defendants identified Dr. Barnett, and only Dr. Barnett, as the witness through which they planned to offer their abdominal defect theory. It was not until after the Court ruled that Dr. Barnett could not offer that theory at trial that Defendants decided they wanted Dr. Gutowski to offer their abdominal defect theory as part of his expert opinion. By that time, it was too late. If Defendants wanted Dr. Gutowski also to be the proponent of their abdominal defect theory at trial after he volunteered at his deposition that he agreed with Dr. Barnett, they could have supplemented Dr. Gutowski's expert report at that time. Having not done so, they are bound now on the eve of trial by that decision.[3]

Defendants did not comply with Rules 26(a) and (e). This is not a situation where, for example, Defendants failed to disclose the name of a fact witness whose identity Plaintiffs subsequently learned in the course of discovery, or where Defendants did not correct an erroneous address or telephone number of an individual likely to have discoverable information and that information later became known during discovery. Defendants failed to properly disclose an opinion they now seek to introduce through a long-ago disclosed expert. Although Defendants do not state specifically what Dr. Gutowski's amended Rule 26(a)(2) disclosure would look like, they appear to want Dr. Gutowski to offer the abdominal defect theory they are now precluded from offering through their other expert. Defendants' attempt on the eve of trial to cure their Rule 26(a)(2) disclosure deficiencies is ineffective. The only remaining question is what sanction is appropriate under Rule 37(c)(1).

---

[3] Defendants point out that Plaintiffs did not move *in limine* to bar Dr. Gutowski from testifying at trial that he agreed with Dr. Barnett's abdominal wall defect theory. There was no reason for Plaintiffs to do so given Dr. Gutowski's expert disclosure and Defendants' counsel's statement during Dr. Gutowski's deposition. Defendants did not explicitly state until their response brief in opposition to Plaintiffs' Motion *in Limine* #1 (ECF No. 79) that they wanted Dr. Gutowski to testify at trial that he agreed with Dr. Barnett. Defs.' Resp. Br. 4-5, ECF No. 80. Plaintiffs did not have an opportunity to reply to that argument because the briefing schedule set by the Court did not provide for reply briefs. ECF No. 73.

## 2. Rule 37(c)(1) Sanctions

Defendants contend that, even if they did violate Rules 26(a) and (e), their violations were both substantially justified and harmless, so they should be given leave to amend Dr. Gutowski's expert report. Defendants have not met their burden. Accordingly, any testimony from Dr. Gutowski regarding whether abdominal defects resulting from the ten-year-old laparoscopic Nissen fundoplication procedure played a role in Daryl's colon injuries is excluded. *See Salgado*, 150 F.3d at 742 (holding that the sanction of exclusion is automatic and mandatory unless the offending party can show that its Rule 26 violation was either justified or harmless).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *David v. Caterpillar*, 324 F. 3d 851, 857 (7th Cir. 2003) (citing *Mid-Am. Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). The Court does not need to make specific findings concerning either substantial justification or the harmlessness of a failure to disclose, but four factors guide the Court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willingness involved in not disclosing the evidence at an earlier date. *Id.*

Though Defendants argue that Plaintiffs "cannot claim surprise" at Dr. Gutowski's out-of-the-blue opinion regarding abdominal defects because "the testimony which is in question was made known to Plaintiffs during the discovery process" (Defs.' Mot. Lim. #6 2-3, ECF No. 93), their contention is without merit. By Defendants' own admission, the testimony in question "was made known to Plaintiffs" through Dr. Barnett, an entirely different expert witness. *Id.* As discussed above, Plaintiffs had no reason to believe that Dr. Gutowski would offer the same opinion that Dr. Barnett would offer. In fact, they would have been justified in assuming that

was not the case. At most, Dr. Gutowski testified in his deposition that he agreed with Dr. Barnett and thought his theory made sense. Plaintiffs successfully barred Dr. Barnett from offering his opinion. Allowing Defendants to simply swap the mouthpiece of the proffered opinion on the eve of trial would be prejudicial to Plaintiffs.

Allowing supplementation would also inevitably delay a trial that already has been delayed twice. *See* ECF Nos. 65, 69-70. If Defendants were permitted to supplement Dr. Gutowski's report (and Defendants do not articulate clearly what Dr. Gutowski would say in that regard), Plaintiffs would be entitled to depose Dr. Gutowski again. And, based on Plaintiffs' response to Defendants' Motion *in Limine* #6, they most likely would file their own Motion *in Limine* to bar Dr. Gutowski's supplemented opinion. The parties may or may not request additional relief based on the Court's ruling on that motion. Trial is set to begin in less than two weeks. The Court will not delay trial a third time to accommodate Defendants' untimely motion to supplement.

That is especially so where Defendants had no excuse for their failure to disclose to Plaintiffs that Dr. Gutowski would be offering opinions at trial that were not disclosed in his Rule 26(a)(2) report. Indeed, Defendants' counsel acknowledged months ago that Dr. Gutowski's expert disclosure did not include an opinion regarding the role played by abdominal defects in the injury to Daryl's colon. *See* Dr. Gutowski's Dep. Tr. 119:10, ECF No. 80-1 ("We know it's not [in the report]."). It was not until the Court ruled that Dr. Barnett's testimony was inadmissible that Defendants moved to supplement Dr. Gutowski's report. Defendants' failure to disclose was knowing and willful, and their subsequent motion to supplement is nothing more than a thinly veiled attempt to bypass the Court's prior ruling that this line of testimony, initially offered through another expert, is inadmissible.

14

Defendants have failed to show that supplementing Dr. Gutowski's opinion is either substantially justified or harmless. As such, exclusion of Dr. Gutowski's testimony relating to abdominal weaknesses from the 1998 laparoscopic Nissen fundoplication procedure and any role those weakness may have played in Daryl's colon injuries is the proper sanction under Rule 37(c)(1).

### 3. FRE 702 and 703

Even if Defendants were given leave to amend Dr. Gutowski's Rule 26(a)(2) disclosure to include Defendants' theory that weaknesses caused by the prior laparoscopic procedure permitted a liposuction cannula to enter Daryl's abdominal cavity, such an opinion would still be inadmissible through Dr. Gutowski pursuant to Rules 702 and 703 of the Federal Rules of Evidence.

As discussed in the Court's January 16, 2015 Memorandum Opinion and Order, under Rule 702, the Court must engage in a three-step inquiry in determining the admissibility of proffered expert testimony: (1) the witness must be qualified; (2) the witness's testimony must be scientifically reliable; and (3) the witness's testimony must have a sufficient nexus with the facts of the case such that it will assist the trier of fact in understanding the evidence or determining a fact in issue. *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). Defendants have not met these criteria.

It appears that Defendants want Dr. Gutowski to testify, as he did during his deposition, that he agrees with Dr. Barnett's theory concerning the way in which Daryl was injured. It is not clear that Dr. Gutowski has any other basis for offering an expert opinion concerning the role played by an abdominal defect in Daryl's injury. Dr. Gutowski's deposition testimony merely restates what Dr. Barnett says in his expert report. Indeed, Dr. Gutowski admitted that his

15

opinion regarding abdominal defects was based almost entirely on the findings in Dr. Barnett's expert report and that, prior to viewing Dr. Barnett's report, he did not think there was anything about Daryl's medical history that could have contributed to his colon injuries. *See, e.g.*, Dr. Gutowski's Dep. Tr. 111:15-18, 22-112:2 ("Initially I didn't have any opinion to that and I didn't think there was anything about his past medical condition that could have contributed to what subsequently happened. . . . [S]ubsequently after seeing the outcome and after learning that the prior Nissen fundoplication port sites may have contributed to a fascial defect, in retrospect I could see how that could have contributed to the outcome . . . ."); 113:5-15 ("When I – previously when I saw lap Nissen, I didn't – in a different part of my training the ports weren't placed there, so I didn't think about that. But Dr. Barnett, who has more experience with that, brought up a good point, and then it started coming together that a fascial defect in that area could have contributed to it."). The Court already has decided that Dr. Barnett's opinion is not scientifically reliable. Mem. Op. Order, ECF No. 90. It follows, then, that Dr. Gutowski's proffered opinion, which appears to be based entirely on Dr. Barnett's opinion, also fails to pass muster under Rule 702. *See id.*

Additionally, while the Court recognizes that an expert may rely on inadmissible facts or data in forming his opinion, that is only the case "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject . . . ." Fed. R. Evid. 703. Defendants have made no effort to carry their burden of proving that the information on which Dr. Gutowski relied in forming his opinion – namely, Dr. Barnett's report – is the kind "reasonably relied upon" by experts in the medical field. And given the Court's previous ruling that Dr. Barnett's report and testimony is, in fact, unreliable, the Court is

16

unwilling to now say that experts in the medical field would reasonably rely upon it in forming their conclusions.

More importantly, "while Rule 703 was intended to liberalize the rules relating to expert testimony, it was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F.Supp.2d 794, 808 (N.D. Ill. 2005) (citing *Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 613 (7th Cir. 2002); *TK-7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 731-34 (10th Cir. 1993); *In re James Wilson Assoc.*, 965 F.2d 160, 173 (7th Cir. 1992)). That is the situation here. If allowed to testify, Dr. Gutowski would be "vouching" for Dr. Barnett's opinion that Daryl had abdominal defects which would allow a cannula to pass through the abdominal wall. *Id.* at 809. He would simply be a mouthpiece through which Defendants would admit testimony the Court has already concluded is inadmissible.

In sum, Dr. Gutowski's Rule 26(a)(2) disclosure does not set forth an opinion regarding whether abdominal defects factored into Daryl's colon injury. Allowing Defendants to supplement Dr. Gutowski's report at this late juncture is neither substantially justified nor harmless. Exclusion is thus appropriate under Rule 37(c)(1). Moreover, Dr. Gutowski's proffered supplemental opinion is inadmissible under Rules 702 and 703 of the Federal Rules of Evidence. Defendants' Motion *in Limine* #6 therefore is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motions *in Limine* #5 and #6 (ECF Nos. 92-93) are denied. Plaintiffs' Motion to Bar (ECF No. 100) is stricken.

It is so ordered.

    _____
    Jeffrey T. Gilbert
    United States Magistrate Judge

Dated: February 6, 2015